IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FRANK GLASKER INGRAM, | CV. 07-180-PK |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| CITY OF PORTLAND, MAYOR TOM POTTER, CITY OF PORTLAND, PORTLAND POLICE BUREAU AND ROSIE SIZER, CHIEF, OFFICERS JOSEPH A. LUIZ #23994 AND J. LAIN #33563, | |
| Defendants. | |

PAPAK, Magistrate Judge:

Plaintiff Frank Ingram filed this § 1983 action against the City of Portland and several City of Portland officials. On July 6, 2007, the parties reached a settlement agreement. This court entered an Order of Dismissal on July 10. On August 20, 2007, Mr. Ingram filed a Motion to Set Aside Order of Dismissal (No. 38). The City of Portland then filed a Motion to Enforce Settlement Agreement (No. 44). For the reasons set forth below, Mr. Ingram's motion should be

denied, and the City of Portland's motion should be granted.

## FACTUAL BACKGROUND

On July 6, 2007, Judge Clarke conducted a settlement conference for the parties. The City of Portland was represented by attorney James Rice and Mr. Ingram appeared pro se. The parties reached a settlement agreement: Mr. Ingram agreed to accept $7,500 from the City of Portland in full settlement for his claims. At the conclusion of the conference, the parties went into Judge Clarke's courtroom and placed their agreement on the record:

> THE COURT: . . . . I want to recite that the Court understands the settlement to be all claims all parties by Mr. Ingram against all defendants for a total payment by all defendants of $7500. There will be a dismissal by the Court with prejudice without costs or fees as to all defendants.
> Is that right, Mr. Ingram?
>
> MR. INGRAM: Yes, Your Honor.
>
> THE COURT: Mr. Rice?
>
> MR. RICE: Yes, Your Honor.
> It will be the City of Portland that would be making payment, not any of the - -
>
> THE COURT: Sure.
>
> MR. RICE: - - individuals at all.
>
> THE COURT: Okay.
>
> MR. RICE: And I would prepare a release of all claims for Mr. Ingram.
>
> THE COURT: Okay.
>
> MR. RICE: And we will be presenting this in the form of an ordinance to the City Council for their approval - -
>
> THE COURT: Okay.
>
> MR. RICE: - - because it's over $5,000 in amount.

> I suspect that that process is probably in the three- to four-
> week period to get all of that accomplished. It's summertime and
> sometimes we don't have sufficient numbers of people involved at
> the City Council meetings. We have to insure that we have a
> majority there. But I think three to four weeks would be a
> reasonable time frame.
>
> THE COURT: Okay.

Mr. Ingram then asked the court for a stipulated date for payment, or, in the alternative, 9% interest:

> MR. INGRAM: I think that there should be a stipulation
> with a date certain for the City of Portland to produce a check and
> if not, then I would like to get 9 percent interest.
>
> THE COURT: Well, it sounds to me like within 30 days
> probably. Would 30 days ne an appropriate time frame to shoot
> for?
>
> MR. RICE: It would be, Your Honor.
>
> THE COURT: Okay.
>
> MR. RICE: Normally, it's shorter than that. The only thing
> that I know is it's July.
>
> THE COURT: Sure.
>
> MR. RICE: There are just delays inherent with people who
> are employed working and every once in a while - -
>
> THE COURT: Why don't we say that the City will make
> every effort to process this and to get a check issued within 30
> days. If for some reason that turns out to be a problem, I'd ask that
> Mr. Rice report back to me that there's some problem, but I don't
> expect to hear that.
> We'll expect that a check will get cut to you within 30 days.

On July 10, the Court, having been advised of the settlement, entered an Oder dismissing the case with leave to reinstate if the settlement was not consummated.

On August 6, 2007, Mr. Ingram telephoned Mr. Rice's office to asked about the

settlement check. Mr. Rice informed Mr. Ingram that the settlement agreement had not made the City Council agenda, but proposed an alternative method for getting the check to Mr. Ingram. Specifically, Mr. Rice had prepared an Offer of Judgment and an Acceptance of Offer of Judgment. Mr. Rice explained that if Mr. Ingram would sign the Acceptance of Offer of Judgment, it would be filed in court along with a proposed judgment. Once the judge signed the judgment, Mr. Rice would tender the judgment to the City Auditor and the Auditor would be able to issue the settlement check. Mr. Ingram informed Mr. Rice that he was in Portland, and Mr. Rice invited him to come to City Hall and review and sign the documents. Mr. Ingram declined the offer and asked Mr. Rice to mail to the documents to his home in White City. Mr. Rice Mailed the documents to Mr. Ingram that afternoon.

Mr. Ingram has not signed and returned the Offer of Acceptance of Judgment.

## ANALYSIS

The Order of Dismissal retained jurisdiction in the event the settlement was not consummated. The court therefore has jurisdiction to enforce the settlement agreement. *Sukumar v. Direct Focus, Inc.*, 2007 WL 749736, *3 (9th Cir. 2007), *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380-81 (1994).

The settlement agreement was negotiated in off-the-record discussions with the court, but the terms of the agreement were put on the record. "A stipulated settlement, agreed to in open court, is a binding contract." *Union Cemetery Ass'n of Crawfordsville Linn County Oregon v. Coyer,* 214 Or. App. 24, 30 (2007).

Mr. Ingram refused to sign the Acceptance of Offer because it was not the process specified in the agreement. By preparing the Offer of Judgment and Acceptance of Judgment in lieu of placing the settlement agreement on the City Council agenda, Mr. Rice made reasonable

arrangements for the City of Portland to meet its obligation under the settlement agreement. I find that the City of Portland substantially performed its obligations under the settlement agreement.

## CONCLUSION

For the reasons set forth above, plaintiff Frank Ingram's Motion to Set Aside Order of Dismissal (No. 38) should be DENIED and defendant the City of Portland's Motion to Enforce Settlement Agreement (No. 44) should be GRANTED. A judgment should be prepared obligating the City of Portland to pay Mr. Ingram $7,500 and dismissing the action with prejudice as to all defendants.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due November 5, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 22nd day of October, 2007.

    /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge